IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**PATRICK D. MOORE**                                                    **PLAINTIFF**

vs.                                **Civil No. 4:19-cv-04049**

**ANDREW SAUL,**                                             **DEFENDANT**
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

Plaintiff, Patrick D. Moore, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed his application for SSI on December 21, 2015. (Tr. 267)[1]. In his application, Plaintiff alleged being disabled due to: schizophrenia, major depression, and bipolar with an alleged onset date of September 15, 2012. (Tr. 267, 401, 405). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 267). Plaintiff requested

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11, These references are to the page number of the transcript itself not the ECF page number.

1

an administrative hearing and that administrative hearing was held on March 22, 2018. (Tr. 283-302). At this hearing, Plaintiff was present and, after being reminded of his right to representation, elected to proceed without representation. (Tr. 285-86). Plaintiff, Plaintiff's mother, Patricia Moore, and a Vocational Expert ("VE") testified at the hearing. (Tr. 283-302).

Following the administrative hearing, on July 25, 2018, the ALJ entered an unfavorable decision. (Tr. 264-77). The ALJ found Plaintiff had not engaged in substantial gainful activity since his application date of December 21, 2015. (Tr. 270, Finding 1). The ALJ determined Plaintiff had the severe impairments of epilepsy and schizoaffective disorder, bipolar type. (*Id*., Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 270-71, Finding 3).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 271-75, Finding 4). The ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 272). The ALJ determined that Plaintiff retained the RFC to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he must avoid hazards such as unprotected heights, dangerous moving machinery, and heavy automotive equipment; can maintain and [sic] attention sufficiently to perform simple, routine work tasks and can occasionally interact appropriately with coworkers, supervisors and the public.
> *Id*.

With the assistance of the Vocational Expert, the ALJ found Plaintiff had no Past Relevant Work ("PRW"). (Tr. 275, Finding 5). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 276, Finding 9). Based on the testimony of the VE, the ALJ found Plaintiff could perform the requirements of representative

2

occupations such as janitor with approximately 2,137,730 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not disabled at any time from December 21, 2015, through the date of his decision. (Tr. 276, Finding 10).

On May 10, 2019, Plaintiff filed the present appeal. ECF No. 2. Both Parties have filed appeal briefs. ECF Nos. 15, 16. This case is now ready for decision.

**2.     Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts

to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

Plaintiff brings the following points on appeal: 1) whether the ALJ erred in finding Plaintiff did not meet listing 12.03; 2) whether the ALJ erred by giving less than full credence to his subjective complaints; and 3) whether the ALJ erred in determining Plaintiff's RFC. ECF No. 15.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's

arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE